8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco LOPEZ-NEVAREZ, Defendant-Appellant.
 No. 93-50072.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 16, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Lopez-Nevarez ("Lopez") appeals from the sentence he received following his plea of guilty to the charge of conspiring to possess with the intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). Lopez argues that he is entitled to be resentenced because the sentence he received is inconsistent with the terms of his plea agreement. We reject this contention and affirm.[1]
 
 
 3
 Lopez expressly consented to waive his right to appeal any and all issues if he was sentenced in accordance with the terms of his plea agreement. He further acknowledged that he was subject to a maximum of 40, and a minimum of 5, years' imprisonment. Lopez also declared that he understood that "[t]he sentence to be imposed ... is within the sole discretion of the sentencing judge [and t]he United States has not made and will not make any promise or representation as to what sentence [Lopez] will receive, but he understands that the sentencing judge may impose the maximum sentence."
 
 
 4
 The provisions of Lopez's plea agreement were as follows: (1) Lopez promised to plead guilty to Count I of the indictment if the government promised to dismiss Count II at the time of sentencing; (2) Lopez understood that he was to be sentenced under the provisions of the Sentencing Guidelines; (3) Lopez understood that his base offense level would be calculated on his having conspired to sell 150 kilograms of marijuana; (4) if Lopez accepted responsibility for his role in the offense charged, the government promised to recommend a 2-level reduction in his offense level; (5) if Lopez offered additional assistance to the government prior to sentencing, the government promised to recommend a downward departure; and (6) if Lopez offered additional assistance to the government after sentencing, the government promised to file a Rule 35 motion on his behalf for a modification of his sentence.
 
 
 5
 It is undisputed that the government complied with each and every one of the above provisions of the plea agreement, and that Lopez received the recommended reduction in his offense level for acceptance of responsibility. Moreover, the district court's factual findings in support of its sentence enhancements based on Lopez's role in the offense and the presence of a weapon are not clearly erroneous. Finally, the district court sentenced Lopez to a term of imprisonment that was at the very bottom of the applicable sentencing range. Accordingly, the sentence appealed from is
 
 
 6
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government urges us to dismiss Lopez's appeal because he waived his right to challenge a sentence imposed in accord with the terms of the plea agreement, and his sentence was within the terms thereof. See United States v. Bolinger, 940 F.2d 478, 479 (9th Cir.1991). Because the district court enhanced Lopez's sentence for reasons not clearly set out in the presentence investigative report, we have elected to reach the merits of Lopez's appeal